THOMAS W. WARFIELD, Respondent, *v.* CARSO CRANE *et ux.*, impleaded, etc., Appellants.

EQUITY. PARTITION OF REAL ESTATE. TITLE UNDER CONVEYANCES FROM OWNER OF ESTATE HALF IN FEE AND HALF FOR LIFE. ALIENATION. SALE OF ESTATE SUBJECT TO COMPLEX TITLES WHERE PARTITION IS IMPRACTICABLE; RULE CONCERNING. PRACTICE. APPEAL. CORRECTION OF DECREE WHEN NOT IN CONFORMITY WITH DECISION. NEW TRIAL. ADVERSE POSSESSION. PRIOR AND SUBSEQUENT GRANTEES OF AN ESTATE HALF IN FEE AND HALF FOR LIFE.

Where an estate in fee of one undivided half of certain premises, and a life estate in the other undivided half of the same, with remainder over in fee to the heirs of the devisee of the life estate, are united in the same person, who conveys the same (in fee) in parcels from time to time, expressly excepting the prior from the operation of the subsequent conveyances; upon application, after the decease of the devisee for life, of one of the remainder-men of the life estate for a partition of the estate according to the terms of the devise, effect will be given to the earlier as against the later conveyances, so as to secure to the holders under the former, so far as practicable, their titles in fee. And where, in such case, a partition is found to be impracticable, and a sale is decreed, the lands must be sold in the inverse order of alienation, and the proceeds of the sale must be distributed to the remainder-men after the life estate, and their grantees, upon the basis of the actual value of the whole premises (exclusive of buildings, etc.), and not upon an assumed equality in the value of the sold and unsold portions.

Knowledge of all the facts out of which legal or equitable rights arise in favor of another is knowledge of those rights.

Where the judgment and decree do not conform to the principles of the decision rendered in the case, this court may order the decree to be corrected and made to conform to the decision as found and affirmed upon appeal, without directing a new trial.

[I have endeavored, in the foregoing, to give condensed but truthful expression to all that is absolutely determined by the decision in this case. In so doing, I have suppressed all the incidents of fact, and all suggestions in the opinion that seemed immaterial in their bearing upon the essential conclusions arrived at. Lest I may have erred in my judgment of what is material in the case, it may be, to some, at least, an acceptable service to state the case in more elaborate form, as follows:]

A testator dies, having devised to his two sons (or nephews) [see arguments respectively of counsel], Alexander and Arnold, certain premises — 192 acres — as tenants in common; to Alexander, his share in fee, and to Arnold, his share for life; and, at his (Arnold's) decease, the same to be divided between all his (A.'s) children and their legal representatives.

Alexander conveys his title (the fee) to Arnold. Arnold conveys fifty acres, by metes and bounds in fee, to one F., who afterward conveys the same to Thomas, a son of Arnold. Arnold further conveys the remainder of the 192 acres (expressly reserving and excepting the fifty acres previously conveyed to F.) to James, another son. James conveys in fee two or three different parcels, amounting to about forty-two acres, to different grantees, from whom, by proper conveyances, it is transferred and becomes vested in one Carpenter. James afterward conveys to one Crane the remainder of the 192 acres (being about 100 acres), by deed expressing a fee and expressly excepting the parcels of fifty and forty-two acres previously conveyed. After the decease of Arnold, his son Thomas, — who holds the fifty acres under the conveyance of F., who derived title by conveyance from Arnold, — brings this suit to recover his share of the undivided half of the estate devised to his father for life, remainder to his heirs, etc., and asks for a partition of that estate among the heirs and their representatives, and that the same be wholly partitioned out of the 100 acres held by Crane, that is, in such manner, that he and Carpenter (who is made defendant *pro forma*) shall have secured to them, respectively, in fee, the portions of which they are in possession under conveyances as stated above. Crane had full knowledge, when he purchased, of the rights of prior grantors, and of the remainder-men to the life estate of Arnold. Now, what are the rights and interests in the said estate or premises, respectively, of Thomas, Carpenter, Crane, and the remaining heirs of Arnold or their grantees?

Answer, substantially, as follows:

1. Obviously, the heirs of Arnold, and their grantees, are entitled to a division among them of one-half of the estate. Crane being the grantee of James — one of the heirs — (of whom there appear to have been ten) is entitled to one-tenth of one-half of said estate. His further interest will hereafter appear.

2. As the conveyance from Alexander to Arnold vested in the latter one-half of the estate in fee (he holding the other half by devise for life), his absolute conveyances to others vested in them the fee of the particular premises conveyed, subject only to the rights of his heirs upon his decease in the remainder over of his life estate; and, in equity, those holding under these conveyances from Arnold are entitled to have the portion of these heirs — remainder-men — assigned altogether out of the lands last conveyed.

3. In other words, full effect must be given, so far as possible, to the earlier conveyances, in preference to, or priority over, the later conveyance to Crane, so as to secure to the grantees under the earlier conveyances a fee in the lands conveyed to them; for, by those prior conveyances, Arnold and his son James were bound, and whoever took conveyances from them thereafter were — in respect of one-half the lands held in fee — precluded from demanding that those earlier deeds should not, as between the grantees therein and themselves,

operate according to their purport. These propositions are equivalent to this:

4. That Thomas Warfield and Carpenter were entitled to a partition that would secure to them a fee of the lands of which they were in possession, under deeds from Arnold and James Warfield, or their grantees.

5. Crane, whose title, — derived from Arnold through James, his son, — is latest, holds in distinct and expressed subordination to the rights of the earlier grantees; for he took with full knowledge, first, of the prior conveyances; second, that, as to one-half of the lands conveyed, he could acquire only an estate for the life of Arnold Warfield; and, third, that his title was subject to the proper legal and equitable operation of the conveyances by his grantors of the lands previously conveyed by them.

6. But, although he is bound to submit to have the remainder, that is, one-half of the whole estate, assigned out of his lands, in preference to the lands earlier conveyed, he is entitled to any residue after such assignment is made, besides the tenth of that remainder to which he succeeds as the grantee of James, one of said remainder-men under the devise.

7. A partition being found impracticable, for reasons not appearing, but presumed to be just and satisfactory, and a sale decreed of the lands held by Crane, out of which the shares of the remainder-men were to be satisfied, direction was given by the court below, that, in determining the respective interests of Crane and the remainder-men, the lands held by the prior grantees, and reserved to them out of the estate, should be estimated at the same value per acre as the lands sold. *Held* to be erroneous, and not in conformity with the decision rendered by the court. There is no rule of law prescribing such a mode of declaring or fixing the value of the lands assigned to prior grantees. The last grantee, who must submit to having the remainder assigned wholly out of his lands, is not bound to submit to a naked and arbitrary assumption, that the lands earlier conveyed, and his lands later conveyed, were of equal value. [For practical operation, and possible injustice of such distribution, see opinion of WOODRUFF, J.] The principle governing the basis of distribution in such case is thus stated:

8. Where, on a bill for a partition, a sale is found necessary, the principle or rule of partition is not changed. The rights of the parties in the proceeds of the sale are the same as in the lands themselves, and their several interests are determined by the actual value of the whole premises. Reserving to certain parties portions of the estate by reason of their prior equities, does not affect the right of the others, in the adjustment of their respective interests, to have the actual value of the reserved portions of the whole property brought to view.

9. As the decree of sale should, in conformity with the decision, have directed a distribution of the proceeds arising therefrom upon the basis of the actual value of the whole premises, this court, upon appeal, may

order the decree to be corrected in conformity with the decision, without ordering a new trial.

10. It of course follows, from the whole treatment of the case, that the possession of Crane, under the conveyance from James, though for a period of more than twenty years prior to the bringing of this suit, was not adverse.

*E. G. Lapham*, for the appellants.

ALEXANDER WARFIELD, deceased, by his last will devised the premises described in the complaint, about 192 acres, to his two sons, Alexander and Arnold, as tenants in common, to Alexander in fee, and to Arnold for life, with remainder to his heirs, to be equally divided between them. He died in 1812. In 1813, Alexander conveyed his estate to his brother, Arnold, by a deed never recorded, and which is lost; and after his death, and about 1836, his heirs also deeded to said Arnold. Arnold took possession of the whole about the year 1813. On the 25th of November, 1815, said Arnold and his wife conveyed 50 acres to Benjamin Fitzgerald, who went into possession; but his deed was not recorded until April 4, 1838. This was conveyed to the plaintiff August 25, 1852. In October, 1828, said Arnold and wife conveyed the residue of the 192 acres, not conveyed to Fitzgerald, to James Warfield, his son. In March, 1830, James Warfield and his mother conveyed by deed to one McCamley, 12 acres of said tract, which deed was recorded in January, 1832. In March, 1831, they also conveyed to William Hildreth 21 acres, and in January, 1833, about 9 acres. The tracts deeded to McCamley and Hildreth, amounting to about 42 acres, have been conveyed to the defendant Carpenter, who occupies the same in severalty.

In October, 1837, the said James and Margaret conveyed the residue of said 192 acres to the defendant Carso Crane, at the price of $52 per acre, by a deed with covenants, which deed was recorded 20th October, 1837; and said Crane has ever since had possession in severalty. Arnold Warfield died in November, 1859, leaving heirs, of whom the plaintiff is one,

and the others are defendants. One of them, said James, is Crane's grantor.

On the trial, it was clearly shown that the appellant claimed the title of each grantee was of the same character as his own. The deed to Fitzgerald was for the consideration of $1,000, or $20 per acre. The deed to the defendant Crane, was for the consideration of $5,200, or $52 per acre. The judge, though strongly impressed by this fact, did not, as we submit, give it the weight to which it is entitled. The devise in question will be found in the case. It was made and proved before the Revised Statutes, and as early as 1812. The devise in question contains no words of inheritance. The words are, "on his decease to be divided equally between all his children or their lawful representatives."

This action was commenced in September, 1860, and seeks partiton by allotting to the plaintiff the fee of his 50 acres in severalty; to the defendant Carpenter, the fee of his 42 acres in severalty; and for a partition and sale of the balance; and for costs to be paid by the parties according to their rights. The cause was tried before his honor, Justice JOHNSON, at the April Special Term in Ontario county, in April, 1861, who held and decided,

1. That the possession of Crane is not adverse.

2. That he had actual notice of the legal estate in his grantors.

3. That the rights of the parties are set forth in the complaint.

4. That partition should be made according to those rights, so as to give the plaintiff the fifty acres in fee simple; to the defendant Carpenter, the forty-two acres in fee simple; and allotting the shares and portions of the other parties and of the plaintiff, as devisee in the residue of the premises; and reserving the question of costs until the final decree.

The appellant, in due time and manner, excepted to each of these decisions.

In January, 1862, a final decree was made, in which the premises in possession of the defendant Crane, were ordered to be sold by a referee; that the referee pay the costs, dis-

bursements and allowances to the plaintiff (except those occasioned by the answer of Crane), also the costs of the *guardian ad litem*, and his disbursements and commissions as referee, and all taxes; and that he divide the residue as follows: That he take from such residue an amount which would be equal to one-half of the purchase-money upon a sale of the whole 192¾ acres, at the same rate, and divide into ten parts, only one of which should be paid to the defendant Crane, and the rest to the heirs of Arnold Warfield; and that the residue, after paying thereout the costs of the plaintiff, caused by the answer of the defendant Crane, should be paid to said Crane. From this decree the appellants appealed to the General Term, where the judgment was affirmed, and an appeal therefrom was taken to this court.

I. The plaintiff, the defendant Carpenter, and the appellant, all derive their title, whatever it may be, from Arnold Warfield, who owned the 192¾ acres, having an estate for life in one undivided half, and an estate in fee in the other undivided half, as is claimed by plaintiff. Each is therefore chargeable with notice of the title of his grantor, and the whole questions in the case are questions relating to the legal title. These cannot be settled in an action for partition. (*Jackson* v. *Meyers*, 14 Johns. 354; *Clapp* v. *Bromagham*, 9 Cow. 530; *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111; *Jackson ex dem.* v. *Christman*, 4 Wend. 277.)

II. The defendant Crane, being in the exclusive possession, claiming title both before and after the death of Arnold Warfield, his possession was adverse, at least after the death of said Arnold, and that is sufficient to defeat the action. (9 Cowen above cited.)

In this case the plaintiff not only seeks to show the possession of Crane is not adverse, but that the possession of himself and Carpenter is adverse, and either is fatal to the action. There could have been no adverse possession during the life of Arnold Warfield, unless he was the owner in fee; and then all difficulty is avoided.

III. Admitting that Alexander and Arnold Warfield could have made a division binding upon themselves, or that Arnold

as the grantee of Alexander, intended to convey in severalty, such conveyance could only be operative during the life estate of Arnold, and does not bind the heirs of said Arnold, to one of whose rights the defendant Crane has succeeded. (*Jackson, ex dem.* v. *Luquere,* 5 Cow. 221 ; *Boole and Wife* v. *Mix,* 17 Wend. 119.)

The learned justice, in effect, decides this. He says, however, that Arnold Warfield could bind his heirs and assigns by such severance, overlooking the fact that they take, not from him, but by devise from the testator, by a title coeval with and paramount to his. The defendant Crane stands in the shoes of one of these, and has a right to dispute, and does dispute, the title of the plaintiff and Carpenter. The judge was, therefore, in error in holding that the heirs acquiesce in the plaintiff's claim.

IV. The defendant Crane, according to all the evidence, claimed that he held by the same right as the plaintiff and Carpenter, and that the heirs of Arnold Warfield should resort to their lands as well as his for their interests in an estate. The price he paid shows he so understood it. It appears Hildreth knew the defect, and the plaintiff, who takes under the will, must of course have known what he purchased.

V. The position taken by the plaintiff's counsel, that partition may be made upon equitable principles when the proof shows a contest about the legal title, is not tenable. The case in 4 Johns. 271, was where the defendants set up a trust for their benefit, and the case was considered as involving a question of equitable title. The legal title was not disputed. Such also was the case in 3 Barb. Ch. 608. So was the case in 5 Barb. 51. These were the cases cited on the hearing and adverted to by the learned justice in deciding the case.

VI. The position that the defendant Crane must be deemed to have purchased with notice of the equitable rights of the prior grantees of Arnold, is only tenable as far as it relates to the duration of the estate of Arnold Warfield, his grantor. During that estate the plaintiff and Carpenter undoubtedly would hold exclusive of his right. But, upon

the death of Arnold, parties whose rights could in no way be affected by what said Arnold may have done, are entitled to a division of the whole premises. And the defendant Crane represents one of them.

VII. The error of thus holding will be seen in the decree pronounced in the case. The fifty acres claimed by the plaintiff and the forty-two acres allotted to Carpenter (not claimed by Carpenter in severalty, for it nowhere appears he makes such a claim), are taken from the tract, and then, without any averment as to the relative value of the different portions, or any proof on the subject, the balance in Crane's possession is ordered sold, and out of the proceeds the heirs of Arnold Warfield are to be paid one-half of what the whole 192¾ acres would produce at the same rate per acre for which Crane's may be sold. The decree in this respect does not follow the decision, for by that a partition was ordered.

VIII. The case has thus far been considered upon the theory that only a life estate was vested in Arnold Warfield by the will. The will was made and took effect before the Revised Statutes, and while the rule in Shelley's case was in force. That rule prevailed in Maryland, the domicile of the testator, as well as here. (*Howe* v. *Lyth*, 2 Harg. & Johns. 431; id. 364.) In *Schoonmaker* v. *Sheeley* (3 Denio, 485, affirming 3 Hill, 165), a devise by A to B "during his natural life, and after his decease, to his heirs and to their heirs and assigns forever," was held to vest an estate in fee in B. It is insisted that the words "and on his decease, it is to be equally divided between all his children or their lawful representatives," mean the same as "his heirs and their heirs and assigns forever," and that a fee vested in Arnold Warfield by the will. (See also *Brant* v. *Gelston*, 2 Johns. Cases, 384; *Grout* v. *Townsend*, 2 Denio, 336.) It may be claimed that the rule should not be applied in any case if the result can be avoided. In this case the plaintiff not only claims his estate in remainder as one of the heirs, but that it shall all be taken from the portion conveyed to the defendant Crane, and that he, as the grantee of Fitzgerald, took an absolute fee in the whole fifty acres. If the deed to Fitz-

gerald conveyed the fee, we insist the deed to Crane is to have the same effect, and that the application of the rule may yet, as it will in this case, defeat a claim founded in injustice and wanting all the elements of equity.

IX. So, by the decree, the whole costs and expenses are to be paid out of the proceeds of the sale of Crane's farm, and then an amount equal to one-half of what the whole would bring at the same price per acre is to be divided between the heirs of Arnold, and the residue only paid to Crane, which subjects the defendant Crane to the whole costs and expenses of the action, and relieves the plaintiff and the other heirs of Arnold Warfield, as well as the defendant Carpenter, from the payment of any thing for settling their rights. We insist that a new trial should be granted.

*T. R. Strong*, for the respondent.*

Alexander Warfield, of Maryland, by his will dated July 3, 1811, devised to his nephews, Arnold Warfield and Alexander Warfield, about 192¾ acres of land, in Phelps, Ontario county, New York, to be equally divided between them: Arnold to have the use of his share for life, and at his decease the same to be divided between all his children, or their lawful representatives; but the share of Alexander to become the immediate right and estate of himself, his heirs and assigns forever.

The testator died about December, 1812, and in that month his will was admitted to probate in Maryland.

In 1813, Alexander Warfield, the devisee, conveyed all the interest devised to him by said will to the said Arnold War-

---

* Commonly I have not deemed it expedient to incumber this volume with a repetition of statements of fact by counsel, preferring that one, where the facts were not given in the opinion, which seemed most nearly in accord with the facts as viewed by the court. But in this instance, I have thought proper to give both statements in full, not because of any essential differences in the facts disclosed, but that every aspect or shade of view which might serve to make the case more intelligible might be presented.

REPORTER.

field, who went into possession thereof. That deed was not recorded, and is lost.

After the death of Alexander Warfield, the devisee, his heirs executed a deed to Arnold of the interest devised to their father, which was recorded in Ontario county clerk's office, the 17th May, 1836.

On the 25th of November, 1815, Arnold Warfield and wife executed a warranty deed of fifty acres in a specific part of the premises, by metes and bounds, to Benjamin Fitzgerald in fee, who went into possession thereof. This deed was recorded in Ontario county, April 4, 1838.

On the 6th of October, 1828, Arnold Warfield and wife conveyed to James Warfield the whole 192 acres, excepting the aforesaid fifty acres, by deed, purporting to be fee, which deed was recorded in Ontario county the 13th of the same month. The grantee took possession on the execution of the deed.

James Warfield, at different times thereafter, conveyed by warranty deeds, expressing a fee, several specific parcels of the 192 acres. The last parcel was conveyed to Carso Crane, the deed of which describes the entire 192 acres, and then excepts the several parcels that had been conveyed, being in all about ninety-three acres, making the deed convey about one hundred acres. Each of the grantees took immediate possession and had his deed recorded in Ontario county.

Arnold Warfield died in November, 1859, in the town of Phelps, leaving no widow, but leaving the plaintiff and several other persons who are defendants in this action, his heirs at law.

In August, 1852, the plaintiff became the owner of the fifty acres conveyed to Benjamin Fitzgerald as aforesaid, by a conveyance from a grantee under Fitzgerald, purporting to convey the same in fee. The plaintiff then went into and still remains in possession of said fifty acres. Elon G. Carpenter is now the owner of about forty-two acres, by conveyances from and under the grantees of James Warfield, expressing to be in fee.

The plaintiff and each of the grantees of the said fifty

acres, at the times of the conveyances thereof, believed he was obtaining the title thereto in fee, and had no notice of any facts to the contrary.

The grantees of the other specific parcels, except the defendant Carso Crane, also received their conveyances, believing they were thereby obtaining a title in fee, and had no notice of any facts to the contrary.

Carso Crane, at the time of the conveyance to him, had notice of the equities of the other parties.

The plaintiff claims to be equitably entitled, in the partition of the lands, to have such a partition as will secure to him in fee the fifty acres first conveyed to Fitzgerald, and now owned by him; and the defendant, Elon G. Carpenter, is equitably entitled in like manner to such a partition as will secure to him in fee those portions conveyed to him; and such partition is prayed in the complaint.

The foregoing facts are more fully stated in the complaint, and on the trial of the action at the Ontario Special Term, in April, 1861, all the facts stated in the complaint were found to be fully proved and true. Most of them are not denied in the answer.

It was also found that the possession by Carso Crane of that portion of the premises embraced in the conveyance to him, is not adverse to any of the other parties.

The court adjudged a partition, and that it should be made in such manner as to secure to the plaintiff and Elon G. Carpenter their equitable rights as aforesaid.

Judgment having been entered, the defendants Crane and wife made a case with exceptions, and appealed to the General Term.

The General Term having affirmed the judgment, the defendants have appealed to this court.

I. The possession of the defendant Carso Crane is not adverse to the rights of any of the other parties. This was expressly found by the court at Special Term.

II. If his possession was to be deemed adverse to the plaintiff and others, that fact would form no obstacle to the action. An action for an equitable partition may be main-

tained, although the defendant holds adversely. (*Coxe* v. *Smith*, 4 Johns. Ch. 271 ; *Hosford* v. *Merwin*, 5 Barb. 51 ; *Bradstreet* v. *Schuyler*, 3 Barb. Ch. 608.)

III. Arnold Warfield, having the title to the 192¾ acres — as one undivided half in fee — and as to the other only for his life — his conveyance to Fitzgerald of the fifty acres, expressing to be in fee, as to himself and his subsequent grantees carried a fee. Having a fee simple interest in the larger parcel sufficient to satisfy the terms of the conveyance as to the quantity of interest, he might, as to himself and his subsequent grantees, thus make a partition, and assign the fifty acres to the share owned by him in fee ; and his deed will be regarded as such partition, and effect will be given to it in equity, as such, making it pass a fee. Fitzgerald, and each grantee under him, purchased in good faith, believing he obtained a fee, with no notice to the contrary.

The same doctrine is applicable to the conveyance by James Warfield, prior to his conveyance to the defendant, Carso Crane.

The subsequent grantees in each case will be held equitably estopped from claiming that a fee did not pass by the deeds. And as to the devisees in remainder of one-half of the premises, after the life estate of Arnold Warfield, equity will, in order to make the prior deeds pass a fee, according to their terms, and thus do equity, assign them their shares in the parcel last conveyed. (*Teal* v. *Woodworth*, 3 Paige, 470 ; *Town* v. *Needham*, id. 545.)

But they assent to this. (See the seventh point.)

IV. The principle which requires that real estate subject to a mortgage, portions of which have been conveyed, shall be sold to satisfy the mortgage, in the inverse order of alienation, supports the equity claimed in this case by the plaintiff. (*Chapman* v. *West*, 17 N. Y. 125.)

Each grantee of Arnold and James Warfield, prior to the defendant Carso Crane, acquired by his deed a similar equity to that of Fitzgerald, the equity of each being subject to the prior equities. Each purchased in good faith, believing he was obtaining a fee, with no notice to the contrary. Each

had notice of the equities of prior purchasers by their deeds, by the records of the prior purchasers, and actual possession of the prior purchasers. (*Mickles* v. *Townsend*, 18 N. Y. 575.)

The grantee of each purchaser acquired all the equity of his grantors.

VI. The defendant Carso Crane purchased with full notice of all the prior equities, by the records, by the possession of the prior purchasers, by the deed to him, and by information to him personally by several of the witnesses. Actual notice to him was expressly found by the court at Special Term.

He acquired by his purchase, only the title which equitably remained in his grantor to the parcel conveyed, which was only a life estate.

VII. The devisees in remainder, after the estate for life, assent to the claims of the plaintiff. They are parties to the action, and admit, by not answering the complaint.

The defendant Carso Crane, by the deed of James Warfield and Margaret Warfield, acquired the interest of James, as one of the devisees in remainder of Arnold, in the premises conveyed by that deed; but that deed describes the whole 192¾ acres, and expressly excepts the parcels previously conveyed as not included in the conveyance.

That deed was given upon the theory that the parcels excepted had been conveyed in fee.

Carso Crane has no interest whatever in those lands excepted.

VIII. There is no ground for complaining of the decree entered in the action.

It will be assumed, in support of the judgment, that the requisite proofs were made as to the relative value of different portions of the premises, and as to the propriety of a sale; and as to costs (*Collumb* v. *Read*, 24 N. Y. 517), they were in the discretion of the court at Special Term.

But no questions arising upon the decree, not embraced in the exceptions, can be considered on appeal. The remedy for errors, if any, is by motion. (*Ingersol* v. *Bostwick*, 22 N. Y. 425; *Griswold* v. *Haven*, 26 How. 170, 16 Abbott, 413;

*Pitt* v. *Davidson*, 37 Barb. 97; *Dart* v. *M'Adam*, 27 Barb. 187; *Bank of Genesee* v. *Spencer*, 15 How. Pr. 14; *Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 561; *Buck* v. *Remsen*, 34 id. 383.)

IX. The judgment at Special Term is right, and should be affirmed, with costs.

WOODRUFF, J. The correctness of the principle upon which the court below proceeded, in directing a partition of the premises in question herein, so as to give full effect to the earliest conveyances, in preference or priority to the conveyance to the appellant Crane, cannot, I think, be denied.

By those prior conveyances, Arnold Warfield, and his son James Warfield, were bound, and whoever took conveyances from them thereafter, were (in respect of one-half of the lands held in fee) precluded from objecting, that those earlier deeds should not, as between the grantees therein and themselves, operate according to their purport.

The defendant Carso Crane, who alone appeals, holds in distinct subordination to the rights of the earlier grantees. He took with actual knowledge, first, of the prior conveyances; second, that as to one-half of the lands conveyed to him he might acquire only an estate for the life of Arnold Warfield; and, third, that his title was subject to the proper legal and equitable operation of the conveyances by his grantors, of the lands previously conveyed by them. Knowledge of all the facts out of which legal or equitable rights arise in favor of another is knowledge of those rights.

If, therefore, the appellant had no interest in the premises except as owner of the fee in one-half which was originally vested in Arnold Warfield, so far as that was conveyed to him, he would have no claim against those prior grantees; as to him, as such owner, they are entitled to have the other one-half assigned to the remainder-men out of the lands last conveyed, *i e.* out of lands conveyed to him. And if this was his only interest the judgment should clearly be affirmed, for the other defendants, who are remainder-men, have not appealed. They do not complain that in the partition or in

the sale and distribution ordered by the judgment they do not receive their just share of the property.

But the appellant Crane holds a two-fold relation to the subject,—first, as grantee of the fee in a portion of the property; second, as grantee of one-tenth of the remainder in one-half of the whole property, by the conveyance from James Arnold, one of the remainder-men by the original devise.

Now, although he is bound to submit to have the remainder assigned to the lands which were conveyed to him, he is entitled in fee to the residue after such remainder has been so assigned, i. e. one-half of the whole property is first to be assigned out of the lands conveyed to him, and whatever remains of those lands belongs to him as the owner in fee.

This is in exact conformity with the decision made on the trial, and is the rule by which the rights of the appellants must be settled. That decision, contemplating an actual partition of the lands, was therefore correct.

If an actual partition was made it would be governed by the actual value of the whole premises (exclusive of the buildings and improvements erected by the several grantees of Arnold and James Warfield).

But the court below, in settling the final judgment or decree, have directed, instead of such actual partition, a sale.

Upon what proofs or upon what inquiry into the practicability of making actual partition the court were induced to order the sale, does not appear by the record. I do not, however, understand the appellants as raising any question of the propriety of the judgment on that ground. No doubt the court had, by some proceeding not embodied in the record, ascertained that an actual partition was impracticable, and a sale was, therefore, necessary.

But, where, on bill for a partition, a sale is found necessary, the principle or rule of partition is not changed. The rights of the parties in the proceeds of sale are precisely the same as in the lands themselves; and their several interests are determined by the actual value of the whole premises. Reserving, to certain of the parties, portions by

reason of their prior equities, does not affect the right of the others in the adjustment of their respective interests, to have the actual value of the reserved portions of the whole property brought into view.

The decree directs, that in determining the respective interests of the appellant, and the remainder-men, in the proceeds of the lands directed to be sold, the lands held by the prior grantees, and which were reserved to them in fee, should be estimated at the same rate or value as shall be produced by the lands which are sold.   There is nothing in the record before us which shows that this is right, and no rule of law prescribes such a mode of declaring or fixing the value of the lands so named or assigned to the prior grantees.

Those lands may be worth more per acre than the lands held by the appellant; they may be worth less; and the value of the two may be equal.   It cannot be said as matter of law, that the appellant was bound to submit to a naked assumption that they were worth neither more nor less, or that by law they must be assumed to be of equal value.

Such an assumption was therefore erroneous, there being nothing in the record which shows that it did not work injustice to the appellant; he has a right to complain thereof, as he does, on this appeal.

To illustrate, suppose that the actual value of the 92 acres reserved to the prior grantees, and exempted from the sale (exclusive of the buildings, etc., before referred to, if any), is but $10 per acre, and that the 100 acres conveyed to the appellant, and ordered to be sold, produce $25 per acre. Then, obviously, the appellant would suffer wrong and loss by a distribution of the proceeds of the sale, in the manner directed by the decree.

Thus, the actual value of the whole premises, on this supposition is, 92 acres at $10 per arce,............... $920

100 acres at $25 per acre,....................... 2,500

Total,....................................... $3,420

Distributing this according to the equitable rights of the

parties, upon the principles above stated, would give to the appellant—

First, as owner of the $\frac{1}{10}$ of $\frac{1}{2}$ in remainder, . . . . . . . .  $171

Second, as owner in fee, of so much of the land conveyed to him, and now sold, as was not required, to satisfy the claims in remainder, to one-half of the whole, $2,500 less $1,710, . . . . . . . . . . . . . . . . . . . . . .  790

To be distributed to the appellant, . . . . . . . . . . . .  $961

Whereas, by the terms of the decree, the whole of the lands are to be estimated at $25 per acre, $4,800, of which he would receive, as remainder-man, $\frac{1}{10}$ of $\frac{1}{2}$, $\frac{240}{10}$, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $240

And as owner in fee $2,500, less $2,400, . . . . . . . . . . . .  100

Total, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $340

It is true, that if this discrepancy in value was reversed, it would appear that the decree will operate more favorably to him than it ought. But, upon any facts appearing in the case, this direction in the decree does not appear to have been warranted, and the appellant is here complaining of it as an error. We cannot say that it has wrought no injustice to him.

This error does not appear in the finding and decision of the court on the trial, but in the decree; in that respect, the decree does not follow the principle of the decision.

As already stated, the distribution of the proceeds of sale should be according to the *actual value* of the whole premises.

It is very desirable, that, in order to save expense to all parties, the decree should be corrected, without a new trial: there would seem to be no practical benefit to either to disturb the findings or decision made on the trial of the cause. The judgment must, however, upon the record before us, be reversed; and the court below may, I think, proceed to a proper judgment, upon the original findings and decision, in conformity with these views.

Upon the other questions raised on the appeal, I concur in the opinion that no error was committed.

Reversed, without a new trial.